Michelle WHITE, Plaintiff,

v.

GALLAGHER BASSETT SERVICES, Defendant.

Civil Action No. 02–2364.

United States District Court, E.D. Pennsylvania.

April 22, 2003.

Olugbenga O. Abiona, Philadelphia, PA, for Plaintiff.

Andrew W. Allison, Littler Mendelson, P.C., Philadelphia, PA, William J. Leahy, Littler Mendelson, P.C., Philadelphia, PA, for Defendant.

### MEMORANDUM

RUFE, District Judge.

This is a case of alleged unlawful employment practices on the part of Gallagher Bassett Services ("Gallagher Bassett") in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951 *et seq.* Presently before the Court is Defendant Gallagher Bassett's Motion for Summary Judgment as to all of Michelle White's claims. For the reasons set forth below, Gallagher Bassett's Motion for Summary Judgment is denied.

### I. BACKGROUND

The factual background of this Case has been set forth in this Court's February 4, 2003 Memorandum Opinion and Order. *See White v. Gallagher*, No. Civ.A.02–2364, 2003 WL 302407 (E.D.Pa. Feb. 4, 2003). For the sake of convenience, the Court summarizes the facts below.

Ms. White, who is African American, was hired by Gallagher Bassett on October 26, 1996 as a Senior Claims Representative with an annual salary of $38,000. During her term of employment, Ms. White received several performance reviews. At issue in the instant action is Ms. White's October 2000 and July 16, 2001 performance reviews. In October of 2000, Ms. White received a 3.5% salary increase when other employees received a 4.5% increase and higher.[1] In response to what Ms. White believed to be a discriminatory salary structure, Ms. White sent her manager, Marie Wallace ("Wallace"), an e-mail on October 4, 2000, stating that she felt that her October review process, and her 3.5% pay increase, was neither fair nor reasonable in light of the salary increases of similar employees. Moreover, Ms. White felt that she was again discriminated against based on her race when Joseph Coughlin ("Coughlin"), the Vice President, decreased a recommended salary adjustment of 7% to 5% during her 2001 review. As a result of the lower increase, Ms. White remained the lowest paid Senior Claims Representative at Gallagher Bassett despite her positive evaluations.

Also at issue in the instant matter is Ms. White's repeated attempts to apply for a Claims Supervisor's position. On December 21, 2000, Coughlin, sent an e-mail post-

---

1. While Ms. White may not recover from this October 2000 salary adjustment under Title VII and the PHRA, as it was dismissed by this Court as untimely, Ms. White may recover for this salary adjustment under § 1981. The October 2000 salary adjustment is also relevant as it describes the basis of Ms. White's retaliation claim and also provides an understanding of the alleged discriminatory salary adjustment of 2001.

ing an opening for the position of Claims Supervisor. Ms. White responded by e-mail to Coughlin on December 27, 2000 explaining that she was interested in the posted position. On January 14, 2001, Ms. White interviewed with Coughlin for the Claims Supervisor position; however, she was denied this promotion. Ms. White then learned that Gallagher Bassett's requirement that applicants for the Claims Supervisor position have three years of supervisory experience was inflexible. At this time, Ms. White complained to Wallace that it was unfair to require three years experience when Gallagher Bassett had previously hired at least three white supervisors who did not meet this requirement. Ms. White claims that Wallace acknowledged this fact and stated that she was only following Coughlin's instructions.

Ms. White re-applied for the still open position of Claims Supervisor on March 1, 2001. This time Ms. White applied in writing and specifically stated why she was qualified for the job. On March 9, 2001, Coughlin, in passing, mentioned to Ms. White that she was not selected for the supervisor position. Gallagher Bassett had selected Honnora McGinn ("McGinn"), a white female, for the Claims Supervisor position in March 2001. During the same month that she received the Claims Supervisor position, McGinn was promoted to Branch Manager. On or about March 17, 2001, Ms. White spoke to McGinn about being considered for the position again, but McGinn stated that Coughlin was adhering to the three year supervisory experience requirement. Ms. White later learned that Alicia Iammatteo ("Iammatteo"), a white female, was selected for the position left vacant by McGinn's promotion despite the fact that Iammatteo had neither a college degree nor the three years of supervisory experience allegedly required by Coughlin.

On April 22, 2002, Ms. White filed her five count Complaint against Gallagher Bassett for race discrimination in violation of § 1981 (Count I); retaliation in violation of Section 1981 (Count II); race discrimination in violation of Title VII (Count III); retaliation in violation of Title VII (Count IV); and race discrimination and retaliation in violation of the PHRA (Count V). This Court dismissed as untimely Ms. White's Title VII and PHRA claims premised upon acts that took place prior to November 14, 2000. *See White,* 2003 WL 302407. Ms. White's Title VII and PHRA claims premised upon the 2001 pay adjustment and Ms. White's repeated attempts at applying for the Claims Supervisor position, as well as Ms. White's § 1981 and retaliation claims, will be considered on the instant summary judgment motion.

## II. *SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The non-moving party has the burden of producing evidence to establish each element of its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *See Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In order for there to be "a genuine issue of material fact," the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." *Id.* The court determines whether there is a sufficient factual disagreement or whether "it is so one-sided that one party must prevail as a

matter of law." *Id.* at 251–52; 106 S.Ct. 2505. In determining whether a party is entitled to judgment as a matter of law this Court must view the evidence, and draw all reasonable inferences, in a light most favorable to the non-moving party. *See Dici v. Com. of Pa.*, 91 F.3d 542, 547 (3d Cir.1996).

## III. *DISCUSSION*

As an initial matter, the Court notes that Pennsylvania interprets the PHRA in the same manner as Title VII. *Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1083–84 (3d Cir.1995). Similarly, § 1981 claims require the same elements of proof as Title VII. *Lewis v. Univ. of Pittsburgh*, 725 F.2d 910, 915 n. 5 (3d Cir.1983). Because claims under the PHRA and § 1981 are analyzed in the same manner as Title VII, the remainder of this Memorandum will outline the requirements as set forth under Title VII only; however, the analysis applies equally to each of Ms. White's PHRA and § 1981 claims.

### A. *Race Discrimination*

Gallagher Bassett contends the following: 1) that Ms. White has failed to make out a prima facie case of discrimination; and 2) that Ms. White has failed to provide any evidence to rebut Gallagher Bassett's legitimate nondiscriminatory reasons for her salary increase and denial of promotion. On the other hand, Ms. White argues that she has satisfied her burden on her prima facie case and on the showing of pretext. This Court agrees with Ms. White.

Under Title VII of the Civil Rights Act of 1964 it is "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

In the instant action, Ms. White is raising the theory of disparate treatment. In a disparate treatment case, a "violation is made out when an individual of a protected group is shown to have been singled out and treated less favorably than others similarly situated on the basis of an impermissible criterion under Title VII." *Matthews v. Dep't. of Hous. & Urban Dev.*, No. Civ.A.85–7104, 1990 WL 45264, at *5 (E.D.Pa. Apr. 12, 1990). In this type of action, discriminatory intent is established through the presentation of direct evidence, or through indirect or circumstantial evidence. *Id.* In the instant discrimination claim there is no direct evidence of discrimination; therefore, the burden of proof, and the allocation of burdens, is governed by the framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *See also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Under *McDonnell Douglas* and its progeny, a three-step process guides the Court in its analysis. This three-step process first requires the plaintiff to establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 801–02, 93 S.Ct. 1817. If the plaintiff satisfies this burden then the second step is reached and the burden of production shifts to the employer who must articulate a legitimate, nondiscriminatory explanation for the employer's adverse employment decision. *Id.* at 802, 93 S.Ct. 1817. If the employer does not satisfy this burden, then judgment is entered for the plaintiff. If, however, the defendant does advance a legitimate nondiscriminatory reason, then step three is reached. In step three, the plaintiff must submit evidence showing that the employer's stated reasons are not the true

reasons, i.e., the reasons are a pretext for discrimination. *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 1091, 67 L.Ed.2d 207 (1981).

### B. *Ms. White's Prima Facie Case*

In order for a plaintiff to satisfy step one she must show that: "(1) [she] was a member of a protected class; (2) that [she] applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite [her] qualifications, [she] was rejected; and (4) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Lawton v. Sunoco, Inc.,* No. Civ.A.01–2784, 2002 WL 1585582, at *5 (E.D.Pa. July 17, 2002). In order to survive a motion for summary judgment, there must be sufficient evidence to convince a reasonable fact finder to find all of the elements of Ms. White's prima facie case. *Duffy v. Paper Magic Group,* 265 F.3d 163, 167 (3d Cir.2001) (internal quotes omitted).

Gallagher Bassett contends that Ms. White cannot satisfy the second prong of her prima facie case because the position that Ms. White applied for requires three years of supervisory experience. In support, Gallagher Bassett points to the fact that Ms. White did not hold a prior position as supervisor. Ms. White argues that Gallagher Bassett has hired several white supervisors and never required three years supervisory experience until Ms. White applied for the job. There is sufficient evidence on the record to support Ms. White's argument. And, the evidence on the record raises a genuine issue of material fact as to whether the position plaintiff sought even required the three years of supervisory experience.

In Coughlin's e-mail entitled "WC Supervisor" he indicates that "a minimum of three years experience" is necessary.

However, Ms. White has produced the actual job description of Claims Supervisor from corporate headquarters which fails to list the requirement of supervisory experience. In further support, Wallace, Ms. White's former manager, stated in her deposition that the actual job description from corporate is the only appropriate document used to outline the criteria for a supervisor. *See* Deposition of Marie Wallace at 46 ¶ 7–11. Even Coughlin, in his deposition, admits that Gallagher Bassett's job description of Claims Supervisor did not, and still does not, have a qualification requirement of three years supervisory experience. *See* Deposition of Joseph Coughlin, at 28–35, 42–47, 60–62.

Beyond this, evidence has been submitted to this Court showing that prior supervisors, all of which are white, were promoted from a position similar to Ms. White's to a supervisor position even though each candidate lacked formal supervisory experience. Wallace also recalls Ms. White complaining to her that the three year requirement was not fair in light of these prior promotions. *Id.* at 57.

Evidence presented on this motion for summary judgment also supports the contention that Coughlin may have violated another corporate policy as well. Generally, it is Gallagher Bassett policy to post a position "in-house" before seeking and interviewing outside candidates. Coughlin sent the "WC Supervisor" e-mail on December 21, 2000. Yet, it appears that Coughlin interviewed, via telephone, Iammatteo, a white candidate that was selected for the position, sometime prior to Coughlin actually posting the supervisor position. *See* Deposition of Ms. Alicia Iammatteo at 38–40. This evidence supports Ms. White's claim that the three year requirement was a post hoc fabrication which essentially eliminated her from consideration for the supervisor position. Upon reviewing the evidence in a light

most favorable to Ms. White, the nonmoving party, this Court concludes that there is sufficient evidence from which a jury could find that Ms. White was qualified for the Claims Supervisor position.

### C. *Gallagher Bassett's Legitimate Business Reason*

■ In reaching step two, Gallagher Bassett now has the burden of production to articulate its reasons for its actions. *Burdine*, 450 U.S. at 256, 101 S.Ct. 1089.

Gallagher Bassett contends that Ms. White did not receive the Claims Supervisor promotion because she was not qualified, i.e., did not possess the "required" three years of supervisory experience. In support, Gallagher Bassett produces an e-mail from Coughlin detailing the three year supervisory requirement. This showing by Gallagher Bassett is enough to satisfy their burden at this stage. Once the employer sets forth its reasons for the employment practice at issue, as Gallagher Bassett has done here, the "McDonnell–Burdine presumption drops from the case and the factual inquiry proceeds to a new level of specificity." *Matthews* 1990 WL 45264, at *6 (*quoting U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)) (internal quotes omitted).

### D. *Ms. White's Showing of Pretext*

■ Gallagher Bassett also urges this Court to find that even if Ms. White has established a prima facie case, a showing of pretext is not present. This Court finds Gallagher Bassett's arguments unpersuasive.

"In order to avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered nondiscriminatory reasons ... was either a post hoc fabrication or otherwise did not actually motivate the employment action." *Lawton v. Sunoco Inc.*, 2002 WL 1585582, at *6 (*quoting Iadimarco v. Runyon*, 190 F.3d 151, 166 (3d Cir.1999)). A plaintiff "cannot simply show that the employer's decision was unwise or wrong ... [but] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons." *Id.* It is hard to imagine a greater contradiction or inconsistency as here, where Gallagher Bassett did not require white employees that were promoted to the Claims Supervisor position to possess three years supervisory experience, but did require Ms. White to have such experience. Further, Ms. White was told that the three year requirement was not flexible, yet the person eventually hired for the position did not even meet this very criteria. *See* Deposition of Ms. Alicia Iammatteo at 40. For the purpose of this summary judgment, Ms. White has set forth more than enough facts showing that genuine issues of material fact exist.[2]

2. Similarly, Ms. White raises enough facts so that a reasonable factfinder may find that the reasons advanced by Gallagher Bassett for Ms. White's 2001 salary adjustment are a pretext. Coughlin stated that Ms. White did not receive her 7% adjustment due to budgetary parameters and performance reviews. *See* Deposition of Joseph Coughlin, at 135. Ms. White, however, produced her performance review and the reviews of other similarly situated employees. *See* Plaintiff's Exhibits 8–14. These reviews support Ms. White's contention that not all salary adjustments are tied to performance reviews. *Id.* It appears that Ms. White may have "outperformed" several employees that received a larger salary adjustment. *Id.* In addition, Ms. White produces evidence showing that Gallagher Bassett's budgetary concerns are just a post hoc fabrication of why she did not receive a higher salary adjustment. *See* Plaintiff's Exhibits 8–14 (employees receiving higher salary adjustments and higher starting salaries).

### E. *RETALIATION*

■ Gallagher Bassett also moves to dismiss Ms. White's retaliation claims arguing that Ms. White has failed to establish a prima facie case. In addition, Gallagher Bassett contends that even if Ms. White has made out a prima facie case, she has not rebutted its legitimate reasons for its promotion and salary adjustment decisions.

■ Section 704(a), 42 U.S.C. § 2000e 3(a) of Title VII states:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

Hence, an employer is prohibited from taking retaliatory action against an employee when that employee complains of a practice that would violate Title VII.[3]

■ In order to succeed on a retaliation claim, plaintiff must show that: "(1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." *Abramson v. William Paterson College of N.J.*, 260 F.3d 265, 286 (3d Cir.2001).

In its motion for summary judgment, Gallagher Bassett argues that Ms. White cannot establish a causal connection between the protected activity and the adverse employment action. First, Gallagher Bassett argues that Ms. White fails to show that the decision maker was aware of her protected activity. In its February 4, 2003 Memorandum Opinion and Order, this Court found that Ms. White's allegations relating to her informal complaints to Gallagher Bassett were sufficient to put Gallagher Bassett on notice of the fact that Ms. White felt she was being discriminated against with regard to her race. Ms. White has substantiated her allegations by providing the deposition transcript of Marie Wallace in which Wallace admits that Ms. White did have several conversations with her relating to her unfair treatment. *See* Deposition of Marie Wallace. In addition, Wallace recalls discussing these concerns with Coughlin. *Id.* at 57. Thus, Gallagher Bassett's argument that it did not know of the protected activity must fail here on summary judgment.

Second, Gallagher Bassett points to the "WC Supervisor" e-mail requiring three years of experience for the posted supervisor position as an illustration of Ms. White's failed attempt at showing causation. However, as explained *supra,* this requirement is a contested issue. Nevertheless, the Third Circuit has held that temporal proximity between the protected activity and the termination is sufficient to establish the causal link. *Shellenberger v. Summit Bancorp.*, 318 F.3d 183, 189 (3d Cir.2003). Here, there is evidence that Ms. White made an informal complaint in October of 2000 when she sent Wallace an e-mail stating that her evaluation was unfair in light of the other employees' raises. Less than two months later Coughlin passed over Ms. White for the promotion

---

**3.** As with a determination of race discrimination under Title VII, the analysis with regard to a retaliation claim is the same under Section 1981 and the PHRA. *See Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir.2001) (explaining the requirements that a plaintiff must satisfy in order to sufficiently allege a claim for retaliation under § 1981); *Bailey v. Storlazzi*, 729 A.2d 1206, 1214 (Pa.Super.1999) (explaining the necessary requirements for a retaliation claim under the PHRA, 43 P.S. § 955(d)).

of claims supervisor. Later, when Ms. White asserted that this, too, was unfair because previously hired white supervisors did not need the three years experience, Ms. White again did not get the supervisor position. A jury may find that Ms. White's complaints of discrimination, and the close proximity to the denial of the promotions, are more than enough to establish causation.

Gallagher Bassett also urges this Court to find that, even if Ms. White has established a prima facie case of retaliation, she has failed to show that the legitimate reason advanced, that Ms. White did not have three years supervisory experience, is pretextual. Again, this argument is without merit for the reasons discussed above. As for the 2000 discriminatory salary structure, Gallagher Bassett contends that Ms. White's salary adjustment is consistent with her performance. Given that evidence has been produced by Ms. White showing that she excelled in certain performance areas and was considered a "great employee and a team player," in addition to the submission of the evaluations of employees who did not perform as well but received higher salary adjustments, sufficient evidence exists that would allow a reasonable jury to find that Gallagher Bassett's proposed "legitimate" reasons for its actions are indeed a pretext. Accordingly, Gallagher Bassett's Motion for Summary Judgment is denied.

An appropriate Order follows.

### ORDER

**AND NOW,** this 22nd day of April, 2003, upon consideration of the Motion for Summary Judgment of Defendant Gallagher Bassett Services [doc. no. 19], and Plaintiff Michelle White's response thereto [doc. no. 22], including the memoranda of law submitted by the parties, and for the reasons set forth in the attached Memorandum, **IT IS HEREBY ORDERED AND DE-** **CREED** that the Motion is **DENIED.** There are genuine issues of material fact which necessitate a trial.